**Gary ERVIN, Plaintiff–Appellant,**

v.

**FARMERS INSURANCE EXCHANGE; et al., Defendants–Appellees.**

**No. 06–15357.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 27, 2007.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Gary Ervin, Fair Oaks, CA, pro se.

David B. Owen, Esq., Nemecek & Cole, Sherman Oaks, CA, for Defendants–Appellees.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Gary Ervin appeals pro se from the district court's judgment dismissing his action alleging a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* and various state law causes of action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a dismissal for failure to state a claim, *Sosa v. DIRECTV, Inc.,* 437 F.3d 923, 927 (9th Cir.2006), and we affirm.

The district court correctly dismissed Ervin's action for failure to state a claim because defendants, Ervin's automobile insurance provider and its attorneys, were not "place[s] of public accommodation"

** This disposition is not appropriate for publication and is not precedent except as provid-

within the meaning of Title III of the ADA, 42 U.S.C. § 12182(a), when they represented him in a state court tort action. *See Weyer v. Twentieth Century Fox Film Corp.,* 198 F.3d 1104, 1114 (9th Cir.2000) (noting that "public accommodations" listed under 42 U.S.C. § 12181(7) are all "actual, physical places" and holding that an insurance company who administered an employer's disability plan is not a "place of public accommodation").

The district court did not abuse its discretion in denying Ervin's post-judgment motions. *See McQuillion v. Duncan,* 342 F.3d 1012, 1014 (9th Cir.2003) (reviewing denial of a motion to reconsider for abuse of discretion).

Ervin's remaining contentions lack merit.

We deny Appellees' motion to dismiss, filed on December 19, 2006.

**AFFIRMED.**